**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action Number _____

Robert Mesa,

    Plaintiff,

v.

National Asset Recovery Services, Inc., a Missouri corporation,

    Defendant.

**COMPLAINT**

COMES NOW, the Plaintiff, ROBERT MESA, by counsel, and for his complaint against Defendant, NATIONAL ASSET RECOVERY SERVICES, INC., alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for actual and statutory damages, costs and attorneys fees brought pursuant to the Fair Debt Collection Practices Act.

**JURISDICTION**

2. This Court has jurisdiction to hear this matter pursuant to 15 U.S.C § 1692 and 28 U.S.C. § 1331.

**PARTIES**

3. Plaintiff Robert Mesa ("Mesa") is an individual consumer who resides at 2781 Roosevelt Ave. Thornton, CO 80229.

1

4. Defendant National Asset Recovery Services, Inc. ("NARS") is a Missouri corporation with its principal place of business located at 20 Corporate Hills Drive, St. Charles, MO 63301.

## FACTUAL ALLEGATIONS

5. Plaintiff had a credit card with First Premier Bank, account number *8937.

6. On April 9, 2010, First Premier Bank offered to settle the account for $122.00.

7. Plaintiff accepted this offer on April 12, 2010 and forwarded this sum to First Premier Bank. Plaintiff's check to First Premier Bank cleared his bank account on April 13, 2010.

8. On or around April 17, 2012 Defendant began contacting Plaintiff alleging amounts due on this settled account.

9. Plaintiff spoke with "Shakera", an employee of the Defendant who confirmed that the debt Defendant is attempting to collect is the same as that previously settled with First Premier Bank.

10. Defendant has contacted Plaintiff numerous times attempting to collect on the aforementioned debt.

## COUNT I, FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

11. Plaintiff re-alleges and incorporates the above paragraphs as if fully set out herein.

12. The debt that NARS was trying to collect from Mesa was a credit card debt and was incurred for personal use.

13. Defendant NARS is a debt collector because they regularly attempt to collect debts allegedly due another through the use of the mails and/or telephones in interstate commerce.

14. Defendant NARS violated the FDCPA in the following ways:

   a. Falsely representing the amount and legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

   b. Attempting to collect any amount not authorized by the agreement.

15. Defendant NARS's violations of the FDCPA caused Mesa actual damages in the form of emotional distress. Mesa has been subjected to increased stress, tensions, and anxiety as a result of the debt.

16. Defendant NARS is liable to the Plaintiff for actual damages, statutory damages of $1,000, together with reasonable attorney fees and costs pursuant to 15 U.S.C. § 1692k.

WHEREFORE, the Plaintiff prays for the following relief:

   a. Actual damages to be proven at trial;

   b. Statutory damages of $1,000 pursuant to 15 U.S.C. §1692k;

   c. Reasonable attorney fees and costs pursuant to 15 U.S.C. § 1692k; and

   d. For such other relief as may be proper.

Respectfully submitted this 28th day of November, 2012.

MATTHEW R. OSBORNE, P.C.

s/ Matthew R. Osborne
Matthew R. Osborne, #40835
2055 South Oneida Street
Suite 370
Denver, Colorado 80224

3

(303) 759-7018
matthewosbornelaw@gmail.com

Attorney for Plaintiff

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY**